Fulton, J.
(orally).
This case is submitted to the court upon an agreed statement of facts. It is an action brought by the plaintiff for a writ of mandamus against the board of education of Washington township, under the following statute:
“In all rural and village school districts, where pupils live more than two miles from the nearest school, the board of education shall provide transportation for such pupils to and from school. The transportation for pupils living..less than' .two *127 miles from the sehoolhouse by the most direct public highway shall be optional with the board of education. When transportation of pupils is provided, the conveyance must pass within one-half mile of the respective residences of all pupils, except when such residences are situated more than one-half mile from the public road. When local boards of education neglect or refusé to- provide transportation for pupils, the county board of education shall provide such transportation and the cost thereof shall be charged against the local school district. ’ ’
.. The facts as they are admitted in this case are that the plaintiff, Mr. Sterret, lives in a lane which is off of the public road. The distance to his house from the sehoolhouse where the children are compelled to go to school is more than two miles, if the distance is measured to the house from the -sehoolhouse^ that is, up the lane — it is more than two miles. If you measure to the opening of the lane where the lane starts off of the public highway,.it is less than two miles. If you measure by-a straight line from what is called the curtilage, or the yard around the house out to the public highway, on a straight line or by the path, it is more than two miles. If you measure from the house along the path out to the public highway in a direct line it is more than two miles. The question for the court to decide is which of these measurements is to be taken in estimating the distance. The court h&s the opinion of the Attorney-General here, and the statute is cited in this opinion. Prom the opinion of. the Attorney-General, and from the cases which have been decided, the court thinks that the proper way to measure this is from the curtilage, or yard around the house, in a direct path put to the public highway, which would make it more than two miles.. . . .
in the 58 Ohio State at page 390 is a case that was submitted to the court upon this kind of a question, the syllabus being as follows:
“The distance of its residence from the school of its district, which under Section 4022a, Revised Statutes, entitles a child of school age to attend the school cf another district, is one and a half miles by the most direct public highway from the school to the nearest part of the curtilage of its residence.”’
*128 In that ease it was contended that the distance should be measured as the crow flies, the nearest way from the schoolhouse, and the court says that that is not the way to measure it. The court says:
“Counsel for the plaintiff in error contend that the distance from residence to school is to be taken ‘as the crow flies.’ 'The courts below properly rejected this aerial view of the subject. The legislation provides for the convenience of children in attending school, and the distance is to be taken as they travel along the most direct public highway from the schoolhouse to the nearest portion of the curtilage of their residence.”
There is a ease also in 11 N.P.(N.S.), 286, Board of Education of Blue Ash Special School District No. 16, v. Board of Education of Concord Special School District No. 8, in which the court says:
“In determining the distance pupils of a public school must travel in going from their home to the schoolhouse, the measurement should begin at the exit from the curtilage and run thence along the most direct established route by lane or path to the nearest highway and then follow the center line of the highway to the door of the schoolhouse.”
According to that decision and the other decision, the court thinks that the proper way to measure in this case would be from the curtilage or the yard in a direct line, or the path which is there to the intersection of the path with the public highway, and the distance by measuring in that way is more than two miles; and it is more than two miles if you go' up the lane to the curtilage. Either way it is more than two miles. So there may be a writ of mandamus issued against the board of education of Washington township.